UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, KURT DIERKES, JOSEPH KNOTT, JIM RENICK BRAD CAMPBELL, JEREMY BENNETT, LEONARD EHLMANN, WILLIAM KROEGER and ANGIE LOVATTO, in their representative capacities as Trustees of the Cement Masons Local 527 Pension Fund, the Cement Masons Local 527 Trust Fund, and the Cement Masons Local 527 Vacation Fund, and ST. LOUIS CONSTRUCTION TRAINING AND ADVANCEMENT FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>S & C CONCRETE, LLC,<br>a Missouri limited liability company,<br><br>    Defendant. | Case No. 4:17-cv-1764 |

## **COMPLAINT**

Plaintiffs state as follows for their cause of action:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185. Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f). Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. The Cement Masons Local 527 Pension Fund ("Pension Fund"), the Cement Masons Local 527 Trust Fund ("Welfare Fund"), the Cement Masons Local 527 Vacation Fund ("Vacation Fund") and the St. Louis Construction Training and Advancement Foundation

(collectively referred to as "the Funds") are employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). Plaintiffs Kurt Dierkes, Joseph Knott, Jim Renick, Brad Campbell, Jeremy Bennett, Leonard Ehlmann, William Kroeger and Angie Lovatto constitute the Board of Trustees of the Funds and are the Plan Sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to the Funds. The Funds are administered within this judicial district.

3.  Cement Masons Local 527 is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices within this juridical district.

4.  Defendant S & C Concrete, LLC is a Missouri limited liability company. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7) having an office and place of business within this judicial district.

5.  At all times relevant hereto defendant was signatory to and bound by a collective bargaining agreement with Cement Masons Local 527.

6.      Under the terms of the collective bargaining agreement, defendant was obligated to make monthly reports on all covered employees in their employ showing the number of hours worked by each employee, to contribute on a monthly basis to the Funds at the rates specified in the collective bargaining agreement and to remit dues to Cement Masons Local 527.  The Funds and the Trustees are third-party beneficiaries of the collective bargaining agreement.

7.      Under the terms of the collective bargaining agreement, defendant was bound to the trust documents of the Funds.

8.      Section 7.10 of the collective bargaining agreement provides that, "The Trustees of the trust funds to which Employer contributions are required by this Agreement shall have the authority to require an audit of the payroll books and records of participating Employers by the Trustees' accountants."

9.      In breach of the collective bargaining agreement and trust agreements, defendant has refused to make the required payments and dues remissions.

10.     Absent an audit of defendant's records, it will be impossible for plaintiffs to determine the amounts owed.

11.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), defendant is liable to plaintiffs for all unpaid principal amounts.  In addition, pursuant to Section 7.10 of the collective bargaining agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable for interest and liquidated damages on the unpaid principal amounts.

12.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and Section 7.10 of the collective bargaining agreement, defendant is also liable to pay to plaintiffs the reasonable attorney's fees, accounting fees, and costs incurred by plaintiffs in connection with this action.

13. Defendant, by breach of the collective bargaining agreement in violation of Section 515 of ERISA, 29 U.S.C. §1145, and by breach of the described trust documents, has caused and will continue to cause plaintiffs to incur reasonable legal, administrative, bookkeeping, and accounting fees and costs.

**WHEREFORE**, plaintiffs pray:

(a) That this Court order defendant to submit to an audit, so that plaintiffs can determine the amounts owed;

(b) That this Court enter judgment in favor of plaintiffs and against defendant for its delinquent contributions, plus liquidated damages and interest thereon;

(c) That this Court order defendant to specifically perform its contractual obligation to submit the required reports and contributions in timely fashion;

(d) That this Court order defendant to specifically perform its obligations to pay liquidated damages on principal amounts he has paid late or may in the future pay late;

(e) That this Court enter an order compelling and enjoining defendant to submit all future reports and payments in timely fashion under the current or any subsequent collective bargaining agreement to which the Cement Masons and defendant are or may become bound; and

(f) That this Court enter its order, judgment and decree against the defendant for plaintiffs' reasonable attorneys' fees, and for plaintiffs' costs, including accounting, auditing, and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804

/s/ Greg A. Campbell
GREG A. CAMPBELL, MO# 35381

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The foregoing has been electronically filed with the U.S. District Court on June 20, 2017, and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

/s/ Greg A. Campbell